UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| INDUSTRIAS NEGROMEX, S.A. DE C.V. and DYNASOL, LLC<br><br>                Plaintiffs,<br>    v.<br><br>UNITED STATES,<br><br>                Defendant. | Court No. 21-00495 |

## COMPLAINT

Plaintiffs Industrias Negromex, S.A. de C.V. ("Negromex") and Dynasol, LLC, by and through their attorneys, Clark Hill, PLC, hereby file this Complaint and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. This is an appeal from the final results of the U.S. Department of Commerce, International Trade Administration (the "Department"), in the second antidumping duty administrative review of emulsion styrene-butadiene rubber ("ESBR") from Mexico. *See Emulsion Styrene-Butadiene Rubber from Mexico: Final Results of Antidumping Duty Administrative Review; 2018-2019*, 86 Fed. Reg. 41,815 (Aug. 3, 2021) ("*Final Results*").

2. The Department issued the Final Results on July 27, 2021, and notice thereof was published in the *Federal Register* on August 3, 2021. *Final Results*, 86 Fed. Reg. 41,815. The challenged determination, findings, and conclusions are set out primarily in the accompanying "Issues and Decision Memorandum" for

the Final Results. *See* U.S. Department of Commerce Issues and Decision Memorandum from J. Maeder to C. Marsh (Jul. 27, 2021) (*available* at https://enforcement.trade.gov/frn/summary/mexico/2021-16473-1.pdf ) ("IDM").

## JURISDICTION

3. This action is commenced under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I), 1516a(a)(2)(B)(iii), and 1516a(d), to contest the *Final Results* issued by the Department.

4. This Court has jurisdiction over this matter pursuant to 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c).

## TIMELINESS OF THE ACTION

5. The Department had published the Final Results in the second administrative review of ESBR from Mexico on August 3, 2021. *See Final Results*, 86 Fed. Reg. at 41,815.

6. This action was commenced by the filing of a Summons and Complaint on August 24 and August 25, 2021, respectively, within 30 days after the publication of the *Final Results*. Accordingly, this action is timely commenced pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and 28 U.S.C. § 2636(c).

## STANDING

7. Plaintiffs, Negromex and Dynasol, LLC, are a manufacturer/exporter and a U.S. importer of ESBR from Mexico, respectively, whose sales and imports were reviewed by the Department in the underlying administrative review. *See Final Results* at 41,815. Consequently, Plaintiffs are "interested parties" as defined by

19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A). Additionally, Plaintiffs were parties to, and actively participated in, the antidumping duty administrative review that culminated in the *Final Results*. *See* IDM at 1-2. Accordingly, Negromex and Dynasol, LLC, have standing pursuant to 19 U.S.C. § 1516a(d) as parties to the proceeding in connection with which this Complaint arises.

8. Plaintiffs, Negromex and Dynasol, LLC, are entitled to commence this action pursuant to 28 U.S.C. § 2631(c).

## STATEMENT OF FACTS

9. Plaintiffs, Negromex and Dynasol, LLC, incorporate the allegations contained in paragraphs 1 through 8 as fully set forth herein.

10. Plaintiffs, Negromex and Dynasol, LLC, timely responded to all of the Department's questionnaires and supplemental questionnaires, as well as actively participated in the administrative review on which the *Final Results* were based.

11. On November 12, 2019, the Department published the notice of initiation of the antidumping duty administrative review of ESBR from Mexico for the Period of Review of September 1, 2018, through August 31, 2019. *See Emulsion Styrene-Butadiene Rubber from Mexico: Preliminary Results of Antidumping Duty Administrative Review; 2018-2019*, 86 Fed. Reg. 7,531 (Jan. 29, 2021) ("*Preliminary Results*") and accompanying Decision Memorandum from J. Maeder to Jeffrey I. Kessler (Jan. 19, 2021), available at

https://enforcement.trade.gov/frn/summary/mexico/2021-01921-1.pdf ("DM") at 1-2.

12.     Pursuant to that notice of initiation, the Department named Negromex as the sole mandatory respondent in the antidumping duty administrative review of ESBR from Mexico.  DM at 1 n.1.

13.     On January 10, 2020, the Department issued Negromex the section A – D questionnaire ("Initial Questionnaire").  DM at 2.  In sections B and C of that questionnaire, the Department instructed Negromex to report matching control numbers of identical products with the same control number in each record of every file in which the product is referenced, e.g., products with identical physical characteristics reported in the foreign market sales file and the U.S. market sales file should have the same control number.  See Initial Questionnaire at B-8, C-6.  The Department also instructed Negromex to report the International Institute of Synthetic Rubber Producers ("IISRP") grade, but only include grades that are appended with letters if that grade is a recognized IISRP grade.  See Initial Questionnaire at B-9, C-8.

14.     On January 24, 2020, and March 3, 2020, Negromex filed timely responses to section A and Sections B – D of the Department's questionnaire, respectively. DM at 2 n.9.  On February 7, 2020, and March 17, 2020, Lion Elastomers, LLC (the "Petitioner") filed comments on Negromex's section A questionnaire response and on its section B-D questionnaire response, respectively.

15. On May 21, 2020, the Department issued Negromex a supplemental section A questionnaire. DM at 2. On June 9, 2020, Negromex filed a timely response to that questionnaire. DM at 2 n.11. As part of Negromex's questionnaire response, it included copies of 2019 financial statements that were not specifically requested in the Department's supplemental questionnaire. On June 18, 2020, Petitioner filed comments on Negromex's supplemental section A questionnaire response. Petitioner's comments did not reference Negromex's addition of the 2019 financial statements.

16. On June 10, 2020, the Department issued Negromex a supplemental section B - D questionnaire. DM at 2. On June 29, 2020, Negromex filed a timely response to that questionnaire. DM at 2 n.11. On July 9, 2020, Petitioner filed comments on Negromex's supplemental section B – D questionnaire response.

17. On November 19, 2020, the Department issued Negromex a second supplemental section B – D questionnaire. DM at 2 n.14. On December 4, 2020, Negromex filed a timely response to that questionnaire. DM 3 n.15. As part of Negromex's questionnaire response, it included model matching information not specifically requested in the Department's supplemental questionnaire but that was intended to correct an error in the Department's model matching methodology.

18. On December 18, 2020, Petitioner filed comments on Negromex's second supplemental section B – D questionnaire response. Petitioner's comments did

not reference the form or the substance of Negromex's addition of the model matching information.

19. On January 15, 2021, the Department rejected Negromex's timely filing of its second supplemental section B – D questionnaire response pursuant to 19 C.F.R. § 351.302(d). DM at 3 n.15. According to the Department, it rejected Negromex's supplemental questionnaire response because the response contained new factual information ("NFI") in the form of model matching information. *Id*. The Department allowed Negromex to refile its second supplemental section B – D questionnaire response without the model matching information. *Id*.

20. On January 19, 2021, the Department issued the preliminary results, the Department calculated a preliminary margin of 21.26 percent *ad valorem* for Negromex. *See* DM and *Preliminary Results*. The preliminary results did not consider the information set forth in Negromex's refiled second supplemental section B – D questionnaire response. DM at 9 n.40.

21. On January 21, 2021, Negromex timely refiled its second supplemental section B- D questionnaire response without the model matching information.

22. On January 29, 2021, the preliminary results were published in the *Federal Register*. *See Preliminary Results*.

23. On February 1, 2021, Petitioner filed comments on Negromex's refiled second supplemental section B – D questionnaire response.

24. On February 17, 2021, the Department issued Negromex a third supplemental section B - D questionnaire pertaining to U.S. indirect selling expenses. IDM at 1-2. On February 26, 2021, Negromex timely filed a response to that questionnaire. As part of Negromex's questionnaire response, it included corrections to its home market indirect selling expenses not specifically requested in the Department's supplemental questionnaire. Petitioner did not file comments on Negromex's third supplemental section B – D questionnaire response.

25. On March 22, 2021, Negromex and Dynasol, LLC, filed a case brief in which they asserted that failure to allow Negromex to place the aforementioned corrective model matching information on the record would violate the statute, be arbitrary, be an abuse of discretion, and constitute a failure of the Department's legal duty to calculate a margin as accurately as possible. Notwithstanding Negromex and Dynasol, LLC's, assertion, the Department did not allow Negromex to file its model matching information on the administrative record to be considered for purposes of the *Final Results*.

26. On July 27, 2021, the Department issued the final results, which were subsequently published in the *Federal Register* on August 3, 2021. *See Final Results*. The Department calculated a final margin of 23.26 percent *ad valorem* for Negromex. *Id*.

## STATEMENT OF CLAIMS

### Count One (Unlawful Rejection of Factual Information)

27. Plaintiffs, Negromex and Dynasol, LLC, incorporate the allegations contained in paragraphs 1 through 26 as fully set forth herein.

28. Whether characterized as corrective information or NFI, Negromex's model matching information was timely filed.

29. The Department's rejection of Negromex's corrective model matching information, whether characterized as corrective or NFI, when there was ample time to consider such information was an abuse of discretion and arbitrary.

30. Whether characterized as corrective or NFI, Negromex's model matching information corrected an error in the Department's model matching methodology, and so the Department's failure to correct the error resulted in the Department's *Final Results* violating 19 U.S.C. §§ 1677b(a)(6)(C)(ii), 1677(16)(B)-(C), 19 C.F.R. § 351.411, and Import Administration Policy Bulletin 92.2 Differences in Merchandise; 20% Rule (Jul. 29, 1992).

31. If Negromex's model matching information is characterized as NFI, the Department is required to consider it pursuant to 19 U.S.C. § 1677m(e).

32. As such, the *Final Results* are unsupported by substantial evidence and otherwise not in accordance with law.

### Count Two (Failure of Duty to Calculate an Accurate Margin)

33. Plaintiffs, Negromex and Dynasol, LLC, incorporate the allegations contained in paragraphs 1 through 32 as fully set forth herein.

34. Regardless of whether Negromex's model matching information is characterized as corrective or NFI, the Department's rejection of such information results in the Department failing its legal duty to calculate a margin as accurately as possible.

35. As such, the *Final Results* are otherwise not in accordance with law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Negromex and Dynasol, LLC, request that this Court:

(a) hold that the Department's *Final Results* are unsupported by substantial evidence and otherwise not in accordance with law;

(b) remand the *Final Results* with instructions to issue a new determination that is consistent with the Court's decision; and

(c) provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ William C. Sjoberg*
William C. Sjoberg
Mark R. Ludwikowski
Maram T. Salaheldin
Courtney G. Taylor

CLARK HILL PLC
1001 Pennsylvania Avenue, NW
1300 South
Washington, DC 20004
202-772-0924

*Counsel to Industrias Negromex, S.A. de C.V.
and Dynasol, LLC*

Dated: August 25, 2021